UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COUNSEL FINANCIAL HOLDINGS, LLC,   **REPORT AND**
                                    **RECOMMENDATION**
                    Plaintiff,

v.                                  20-CV-01698(LJV)(JJM)

SULLIVAN LAW, L.L.C., ROBERT C.
SULLIVAN, BIANCA T. SULLIVAN, JOHN
R. BONDON, PARROT PROPERTIES, INC.,
ROBBA PROPERTIES, L.L.C. and
SOUTHSIDE INVESTMENT COMPANY,

                    Defendants.
_____

        Before the court is the motion by plaintiff Counsel Financial Holdings, LLC to remand this action to State of New York Supreme Court, County of Erie and for an award of costs and attorney's fees [2],[1] which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [8]. Having reviewed the parties' submissions [2, 6, 7], for the following reasons I recommend that the motion be granted.

## BACKGROUND

        On February 5, 2019 defendant Robert C. Sullivan, as Managing Member of defendant Sullivan Law L.L.C., executed a Revolving Promissory Note [2-3] whereby Sullivan Law agreed to repay sums advanced to it by Counsel Financial. That same day, Sullivan and others executed a Guaranty of Payment and Performance [2-4], guaranteeing payment of all sums due under the Revolving Promissory Note. Section 4.9 of the Guaranty of Payment and Performance provided as follows: "Each guarantor hereby irrevocably and unconditionally

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

agrees that any suit, action or proceeding arising out of or relating to this guaranty shall be brought only in the Supreme Court of the State of New York located in the County of Erie". [2-4], p. 8.

On October 21, 2020 Counsel Financial commenced this action in State of New York Supreme Court, County of Erie, seeking recovery for breach of the Revolving Promissory Note and Guaranty of Payment and Performance. [1], pp. 7 *et seq*. On November 20, 2020 Sullivan filed a Notice of Removal to this court, based on diversity of citizenship. [1]. On December 8, 2020 Counsel Financial filed this motion seeking remand to state court [2], arguing that forum selection clause contained in §4.9 of the Guaranty of Payment and Performance prohibits Sullivan from removing the action to this court. *See* Counsel Financial's Memorandum of Law. [2-5]. Sullivan responds that the forum selection clause's requirement that the action be "brought" in state court does not bar him from subsequently removing the action to this court. *See* Sullivan's Declaration in Opposition [6].

## DISCUSSION

**A.    In this Circuit, the Forum Selection Clause Bars Removal**

Sullivan argues that he was entitled to remove the action from state court because the forum selection clause does not expressly mention removal. *See* Sullivan's Declaration in Opposition [6], ¶¶16, 18, *citing* John's Insulation, Inc. v. Siska Construction Co., 671 F. Supp. 289 (S.D.N.Y. 1987) and Cadle Co. v. Reiner, Reiner & Bendett, P.C., 307 Fed. App'x 884 (6th Cir. 2009).

"That contention is contrary to the law of this Circuit." Rochester City School District v. Aramark Educational Services, LLC, 292 F. Supp. 3d 595, 600 (W.D.N.Y. 2017)

(*citing* Karl Koch Erecting Co. v. New York Convention Center Development Corp., 838 F.2d 656 (2d Cir. 1988)). The forum selection clause at issue in Karl Koch provided that "[n]o action or proceeding shall be commenced by [Koch] against [NYCCDC] except in the Supreme Court of the State of New York, County of New York". 838 F.2d at 658. In deciding "whether the phrase 'commenced by Koch against NYCCDC' precludes removal of a state action to the federal court", the Second Circuit concluded that "the only plausible construction of the pertinent phrase is that Koch's removal constitutes the commencement of a 'proceeding' in federal court. Indeed, the parties' inclusion of the forum-selection clause makes little sense unless it precludes removal by Koch." Id. at 659.

That conclusion is the settled law in this Circuit. *See* Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd., 2004 WL 2360033, *6 (S.D.N.Y. 2004), aff'd, 422 F.3d 72 (2d Cir. 2005) ("[t]he language, 'any proceeding shall be initiated in the courts of the State of New York,' clearly establishes exclusive jurisdiction in New York state courts"); ServiceCorp, Inc. v. Cascades, Inc., 2005 WL 8173580, *4 (W.D.N.Y. 2005) ("forum selection clauses specifying that an action be commenced in a particular forum have been held to prevent the removal of such action to another (federal) forum as, although the clause may not literally preclude removal, permitting removal in such circumstances would render the forum selection clause senseless"); Aramark, 292 F. Supp. 3d at 600 ("according to Aramark, under the contract, an action arising out of the contract must be *brought* in state court, but may be removed to, and litigated in, federal court . . . . To require that a case be filed in state court, knowing that it will be subject to removal to federal court, seems pointless. If that had been the parties' intent, they could certainly have spelled that out, but in the absence of language doing so, the Court will not presume that the parties intended such a result").

**B.      Counsel Financial is Entitled to an Award of Attorney's Fees**

Counsel Financial also requests an award of its costs and attorney's fees pursuant to 28 U.S.C. §1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal". *See* Counsel Financial's Memorandum of Law [2-5], Point II, to which Sullivan does not respond.

"The award of costs and fees under 28 U.S.C. §1447(c) is discretionary, and need not be based on a finding of bad faith on the part of the removing party." Wallace v. Wiedenbeck, 985 F. Supp. 288, 291 (N.D.N.Y. 1998). An award is appropriate where "the removal basis asserted . . . was contrary to overwhelming authority". Id. *See also* Samuel v. Town of Cheektowaga, 2009 WL 5185806, *6 (W.D.N.Y. 2009) ("the asserted ground for removal is contrary to applicable law and established authority"). In this case, Sullivan - himself an attorney (Savino Declaration [2-2], ¶10) - knew or should have known that the authorities which he cited in support of removal (Cadle Co. v. Reiner, Reiner & Bendett, P.C. and John's Insulation, Inc. v. Siska Construction Co.) are contrary to the settled law of this Circuit: Cadle Co. is a *Sixth* Circuit opinion, and John's Insulation "was decided before the Second Circuit's decision in Karl Koch". Aramark, 292 F. Supp. 3d at 600, n. 2.

Despite being reminded of the forum selection clause, Sullivan refused to withdraw the Notice of Removal (Savino Declaration [2-2], ¶¶13-14), forcing Counsel Financial to incur the expense of filing this motion. "Removal is done *ex parte* and without need of a court order . . . . While the simplicity of this procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely

-4-

to get the action returned to the court where the plaintiff initiated it. Providing for attorneys' fees when granting a motion to remand serves the purpose of deterring improper removal." Circle Industries USA, Inc. v. Parke Construction Group, Inc., 183 F.3d 105, 109 (2d Cir. 1999).

Therefore, I conclude that an award of attorney's fees and costs is appropriate - not only to compensate Counsel Financial for the expense necessitated by Sullivan's improper removal, but also to serve as a lesson in other cases. If this Report and Recommendation is adopted, I will set a briefing schedule to determine an appropriate award.

## CONCLUSION

For these reasons, I recommend that Sullivan's motion to remand and for an award of attorney's fees and costs [2] be granted. Unless otherwise ordered by District Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by February 16, 2021. Any requests for extension of this deadline must be made to District Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek, 838 F. 2d at 58; Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each

objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: January 27, 2021

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge